## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BRADLEY THOMAS ELLERMAN,<br>Appellant, | DOCKET NUMBER<br>CH-1221-18-0364-W-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>Agency. | DATE:  December 29, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bradley Thomas Ellerman, Mauston, Wisconsin, pro se.

Eric J. Teegarden, Esquire, Fort McCoy, Wisconsin, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to expressly consider whether the appellant made a nonfrivolous allegation of a protected disclosure of a violation of 5 C.F.R. § 330.1300 or 5 C.F.R. § 731.103(d)(1). Except as so modified to supplement the administrative judge's analysis, we AFFIRM the initial decision.

To establish jurisdiction over a typical IRA appeal, an appellant must show by preponderant evidence that he exhausted his remedies before the Office of Special Counsel (OSC) and make nonfrivolous allegations of the following: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); 5 C.F.R. § 1201.57(a)(1), (b), (c)(1). A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, plausible on its face, and material to the legal issues in the appeal. *Id*. As the U.S. Court of Appeals for the Federal Circuit in *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020) determined: "[T]he question of whether the appellant has non-frivolously alleged protected

disclosures [or activities] that contributed to a personnel action must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Pro forma allegations are insufficient to meet the nonfrivolous standard. *Clark v. U.S Postal Service*, 123 M.S.P.R. 466, ¶ 6 (2016), *aff'd*, 679 F. App'x 1006 (Fed. Cir. 2017), *overruled on other grounds by Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 20 n. 11.

On petition for review, the appellant argues, among other things, that he established jurisdiction because he nonfrivolously alleged that the agency retaliated against him for his alleged protected disclosures questioning the agency's selection procedures for promotional opportunities and disagreeing with certain office practices "regarding misuse of background information and improper procedures for withdrawing job offers from applicants for employment." Petition for Review (PFR) File, Tab 1 at 5. As relevant to this IRA appeal, the term "disclosure" means "a formal or informal communication or transmission, but does not include a communication concerning policy decisions that lawfully exercise discretionary authority unless the employee or applicant providing the disclosure reasonably believes that the disclosure evidences" one of the categories of wrongdoing described in 5 U.S.C. § 2302(b)(8), i.e., "(i) any violation of any law, rule, or regulation; or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety." *See* 5 U.S.C. § 2302(a)(2)(D). The test to determine whether an employee had a reasonable belief in his disclosures is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions evidenced any violation of any law, rule, or regulation, or one of the other types of wrongdoing set forth in 5 U.S.C. § 2302(a)(2), (b)(8). *See Salerno*, 123 M.S.P.R. 230, ¶ 6.

We agree with the administrative judge's conclusion that the appellant has failed to make a nonfrivolous allegation that he made such a protected disclosure. Initial Appeal File (IAF), Tab 6, Initial Decision (ID) at 6.  As part of his analysis, the administrative judge generally considered whether the appellant had nonfrivolously alleged that he made a protected disclosure of a violation of 5 C.F.R. part 731.  ID at 6-8.  We hereby supplement the initial decision to consider specifically whether the appellant nonfrivolously alleged that he made a protected disclosure of a violation of 5 C.F.R. § 330.1300 and 5 C.F.R. § 731.103(d)(1).  These regulations pertain to when, during the hiring process (unless an exception is granted by the Office of Personnel Management), agencies can inquire about applicants' background information of the sort asked on the Optional Form 306 (OF-306), "Declaration for Federal Employment," to determine their suitability for Federal employment.  81 Fed. Reg. 86555, 86555 (Dec. 1, 2016).  The record contains only a few assertions that could potentially implicate these regulations.[2]  PFR File, Tab 1 at 5; IAF, Tab 1 at 17-21.  For the following reasons, we find that the appellant has failed to make an assertion that, if proven, could establish that he made any disclosures that he could have reasonably believed evidenced a violation of these regulations.

The appellant is a Human Resources Specialist with the agency.  IAF, Tab 1 at 1, 6, 16.  His OSC complaint contains the most expansive description in the record of his reprisal claim.  In his OSC complaint, he asserted in general terms that in June 2017, prior to the alleged personnel actions at issue in this appeal, he had "begun [to] question" the agency's screening process, was involved in "[m]any discussions," and had sent "communications" to supervisors

---

[2] The appellant's failure to identify these particular regulations is not in and of itself dispositive of the jurisdictional issue.  *See Langer v. Department of the Treasury*, 265 F.3d 1259, 1266 (Fed. Cir. 2001) (holding that a disclosure may be considered protected, even in the absence of identification of a specific statute or regulation, "when the employee's statements and the circumstances surrounding the making of those statements clearly implicate an identifiable violation of law, rule, or regulation"); *accord Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 19 (2013).

"regarding correcting of the background disclosure process." *Id*. at 17-20. He did not specify what statements he made or what information he provided as a part of these discussions and communications. He did not claim to have expressed a belief, even in general terms, of a violation of any law, rule, or regulation. He claimed that, at the time he filed his OSC complaint in September 2017, he was being informed that agency officials were "still" reviewing the process and seeking guidance from "CHRA," which we presume to mean the Civilian Human Resources Agency. *Id*. at 14, 19. He further stated his belief that, at the time of his OSC complaint, other staffing specialists were "still sending" OF-306 information to hiring managers, "allowing them to change their selection decision, thus bypassing the suitability process." *Id*. at 19; *accord id.* at 18 (briefly describing the agency's "[c]urrent process" in similar terms).[3]

Based on his brief statements in the record, we deduce that he was "question[ing]" and "discuss[ing]" the stage in the selection process at which selecting officials were being provided with information of the type contained on the OF-306, during a time at which the agency was reviewing its processes. *Id*. at 17-21. At most, he has broadly asserted that he expressed his personal opinion that the agency should "correct[]" its process. *Id*. at 20. He has not asserted, however, what facts or circumstances known to, or readily ascertainable by, him could have led him to reasonably believe that any violation of any law, rule, or regulation had occurred or would occur, or that he expressed such a belief or communicated such facts to anyone.[4] Based on his limited presentation, we find

[3] He has never alleged that the agency retaliated against him for his OSC complaint itself or for disclosing any information to OSC.

[4] In an IRA appeal, an appellant is not required to allege or prove that the disclosed wrongdoing actually occurred; rather, the issue is his reasonable belief based on the known and readily ascertainable facts. *See, e.g., Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 24 (2015), *aff'd*, 652 F. App'x 971 (Fed. Cir. 2016). As to whether the appellant could have reasonably believed that he was revealing any violation of any law, rule, or regulation, we observe that 5 C.F.R. § 330.1300 and 5 C.F.R. § 731.103(d)(1) do not contain an absolute bar to an agency's inquiry into criminal or credit background information, but rather, these regulations set forth a

that he has not made a nonfrivolous allegation that he made a disclosure that he reasonably believed evidenced any violation of any law, rule, or regulation (including 5 C.F.R. § 330.1300 or § 731.103(d)(1)), or one of the other types of wrongdoing set forth in 5 U.S.C. § 2302(b)(8). *See* 5 U.S.C. § 2302(a)(2)(D); *Salerno,* 123 M.S.P.R. 230, ¶ 7 (finding that the appellant's purported disclosure of a disregard for compliance issues was not sufficiently specific to constitute a nonfrivolous allegation of a protected disclosure); *Tuten v. Department of Justice,* 104 M.S.P.R. 271, ¶¶ 9-11 (2006) (holding that the appellant's conclusory allegations that the agency falsified medical records and illegally transferred sick inmates to pass program review were insufficiently specific to constitute a nonfrivolous allegation of a protected disclosure), *aff'd,* 2007 WL 2914787 (Fed. Cir. 2007); *Sobczak v. Environmental Protection Agency,* 64 M.S.P.R. 118, 122 (1994) (concluding that the appellant's allegations that a consulting firm "might be involved in illegal business practices . . . mishandling their contracts with the [Environmental Protection Agency] or getting preferential treatment in obtaining government benefits" were based on unsupported speculation and thus he failed to prove that he had a reasonable belief that he was disclosing evidence of illegal practices); *see also Ellison v. Merit Systems Protection Board,* 7 F.3d 1031, 1036 (Fed. Cir. 1993) ("The law . . . is well settled that the mere recitation of a basis for jurisdiction by a party is not sufficient. Rather, substantive details establishing jurisdiction must be alleged in the complaint.").

The appellant did not respond to the administrative judge's jurisdictional order, and thus he missed an opportunity to further explain his allegations. IAF, Tab 3. On petition for review, he claims not to have understood that he needed to

general rule concerning the timing of such inquiries and further expressly provide for exceptions to that general rule. Thus, the circumstances of the handling of this information must be taken into consideration before a reasonable conclusion could be drawn as to whether these regulations have been violated. To the extent it can be inferred from the appellant's allegations that his alleged protected disclosures are based on his knowledge that agency personnel were sending such background information to hiring managers, such knowledge alone could not support a reasonable belief that a violation of these regulations had occurred.

respond to that order. PFR File, Tab 1 at 5. We find this claim unavailing because the appellant was a registered e-filer with a duty to monitor case activity to ensure receipt of all case-related documents, IAF, Tab 1 at 2; *see* 5 C.F.R. § 1201.14(j)(3), and the administrative judge's jurisdictional order clearly explained that he must respond with evidence and argument on the issues described in that order, IAF, Tab 3 at 7-8. In any event, his petition for review does not provide any material new detail. PFR File, Tab 1 at 5.[5] In relevant part, he merely states that he was retaliated against "after [his] questioning of selection procedures for promotional opportunities, and after disagreement with our offices [sic] practices regarding misuse of background information and improper procedures for withdrawing job offers from applicants for employment." *Id*. Even assuming that he questioned procedures and disagreed with office practices as he asserts, he has failed to allege facts that, if proven, could support a conclusion that he made a disclosure that he reasonably could have believed evidenced any violation of any law, rule, or regulation, or one of the other types of wrongdoing described in 5 U.S.C. § 2302(b)(8). *See* 5 U.S.C. § 2302(a)(2)(D); *Tuten v. Merit Systems Protection Board*, 2007 WL 2914787, at *2 (Fed. Cir. Oct. 5, 2007) (affirming the Board's dismissal of an IRA appeal for lack of jurisdiction when the appellant had "provided nothing more than bare assertions of wrongdoing by the agency, even after being given an opportunity to provide more detail") (citing *Ellison*, 7 F.3d at 1036);[6] *Salerno*, 123 M.S.P.R. 230, ¶ 7; *Tuten*, 104 M.S.P.R. 271, ¶¶ 9-11; *Sobczak*, 64 M.S.P.R. at 122.[7]

---

[5] The documents attached to his petition for review are identical to the documents attached to his initial appeal. PFR File, Tab 1 at 7-24; IAF, Tab 1 at 6-23.

[6] The Board may rely on unpublished decisions of the U.S. Court of Appeals for the Federal Circuit when, as in this instance, it finds the analysis persuasive. *E.g.*, *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 10 n.1 (2016).

[7] His brief assertions on review show no error in the administrative judge's finding that he failed to make a nonfrivolous allegation establishing jurisdiction on the theory that the agency at least "perceived" him to be a whistleblower. ID at 6; *see Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶¶ 7-8 (2013) (explaining that one issue in a "perceived as" whistleblower reprisal case is whether the relevant agency officials

The appellant also claims that the agency subjected him to retaliation for filing an EEO complaint. PFR File, Tab 1 at 5. However, retaliation for filing an EEO complaint is a matter relating solely to discrimination and is not protected by 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D); thus, this claim is not a basis for finding jurisdiction in this IRA appeal. *See Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 10, 21-23 25, *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023). The appellant's OSC complaint contains an assertion that the agency also retaliated against him for requesting a reasonable accommodation of his disabilities. IAF, Tab 1 at 17. This claim is not a source of IRA jurisdiction because such a request for accommodation is not the "exercise of any appeal, complaint, or grievance right," and it does not concern "remedying a violation of [5 U.S.C. § 2302(b)(8)]." *See* 5 U.S.C. § 2302(b)(9)(A)(i); *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 18 (2016) (finding that the appellant had not exercised any appeal, complaint, or grievance right as described in section 2302(b)(9) when the appellant's actions did not constitute an initial step toward taking legal action against an employer for a perceived violation of employment rights).

Accordingly, the Board lacks jurisdiction over this appeal.[8]

## NOTICE OF APPEAL RIGHTS[9]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate

---

believed that the appellant had made disclosures of the type described in 5 U.S.C. § 2302(a)(2), (b)(8)).

[8] The appellant's arguments on review about the merits of his 3-day suspension are immaterial to the dispositive jurisdictional issues. PFR File, Tab 1 at 5.

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must <u>receive</u> your petition for

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Jennifer Everling*

_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.